UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND et ano.,

                 Plaintiffs,

        V.

NEGINAH ORCHESTRAS, INC.,

                 Defendant.

---

08 Civ. 1824 (WHP)

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

State of New York  )
                      )ss.:
County of New York )

    Ayana M. Brooks, being duly sworn, deposes and says:

    1.    I am an attorney associated with Meyer, Suozzi, English & Klein, P.C., attorneys for plaintiffs herein. I make this affidavit in support of plaintiffs' application, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of a judgment by default against defendant.

    2.    This is an action by an employee benefit fund and its trustees for declaratory and injunctive relief requiring defendant to pay delinquent contributions owed to plaintiff American Federation of Musicians and Employers' Pension Fund ("Pension Fund"), to permit an audit of its books and records to

determine whether defendant has fully complied with its obligation to make contributions to the Pension Fund on behalf of its employees and to require defendant to submit complete and accurate remittance reports regarding engagements performed by musicians employed by defendant.

3. The Clerk's original Certificate of Default, dated April 23, 2008, is annexed as Exhibit "A".

4. A copy of the complaint, which was filed on February 22, 2008 and served upon defendant on March 13, 2008, is annexed hereto as Exhibit "B".

5. A proposed form of default judgment is annexed hereto as Exhibit "C."

WHEREFORE, plaintiffs request that this Court direct entry of a judgment of default in favor of plaintiffs and against defendant.

_____
Ayana M. Brooks

KAREN KOLESSAR
Notary Public, State of New York
No. 01KO6160922
Qualified in Richmond County
Commission Expires Feb. 12, 20_10_

Sworn to before me this 24th day of April, 2008

_Karen Kolessar_
Notary Public

- 2 -

94538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND et ano.,

           Plaintiffs,        08 Civ. 1824 (WHP)

     V.                      **CERTIFICATE OF DEFAULT**

NEGINAH ORCHESTRAS, INC.,

           Defendant.

---

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify: that this action commenced on February 22, 2008 with the filing of a summons and complaint; copies of the summons and complaint were personally served on March 13, 2008; proof of such service thereof was filed on March 27, 2008.

    I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
       April ___, 2008

                            **J. MICHAEL MCMAHON**
                            Clerk of the Court
                    By: _____
                            Deputy Clerk

94481

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND

and

BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND,

        Plaintiffs,

v.

NEGINAH ORCHESTRAS, INC.,

        Defendant.

08 CV 01824

Civil Action No.



## COMPLAINT

### Introduction

1. This is an action for declaratory and injunctive relief requiring the defendant to allow the plaintiffs American Federation of Musicians and Employers' Pension Fund ("Pension Fund") and its Board of Trustees to conduct an audit of appropriate records to determine whether defendant has complied with its obligation to make contributions to the Pension Fund, and to pay delinquent contributions that defendant owes the Pension Fund.

2. This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. (hereinafter

"ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (hereinafter "LMRA").

## Jurisdiction and Venue

3. The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Pension Fund is administered.

## Parties

5. Plaintiff American Federation of Musicians and Employers' Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. Plaintiff Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6. Plaintiff members of the Board of Trustees of the American Federation of Musicians and Employers' Pension ("Pension Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. All plaintiffs maintain their principal place of business at One Penn Plaza, Suite 3115, New York, New York 10119.

8. Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9. Neginah Orchestras, Inc. ("Neginah") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

10. Defendant is an entity doing business primarily in the state of New York. Upon information and belief, defendant maintains its principal place of business at 1537 50th Street, Brooklyn, New York 11219.

Statement of Claim
Allegations Common to All Claims

11. At all relevant times, Neginah was party to a series of successive three year collective bargaining agreements, each with an anniversary date of August 1, with Local 802 of the American Federation of Musicians, AFL-CIO ("Union"), covering musicians employed by Neginah. That agreement is known as the "Jewish Club Date Contract."

12. The Jewish Club Date Contract is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13. At all times relevant to this action, the Jewish Club Date Contract provides that Neginah shall make contributions to the Pension Fund calculated as a stated percentage of wages paid to employees covered by that collective bargaining agreement.

14. The Jewish Club Date Contract further provides that Neginah agrees to accept and be bound by the provisions of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"), as amended from time to time, and that the Trust Agreement is incorporated by reference into the Jewish Club Date Contract.

Count 1 – To Compel an Audit

15. At all times relevant to this action, the Trust Agreement has provided that the Trustees have the right to audit any employer that participates in the Pension Fund and has required each audited employer to provide the Trustees' audit representatives with any and all documents that those representatives determine are necessary to ascertain whether the employer has remitted the contributions it owes to the Pension Fund in the correct amounts and at the appropriate times. The language of this provision has been amended from time to time. The current language of Article 9, Section 9.9 (and its predecessor provision) of the Trust Agreement states in pertinent part that:

> (a) The Board or the Audit Committee (or either of their duty authorized designees) shall be authorized and empowered to initiate on behalf of the Fund whatever action(s) or proceeding(s) it determines to be proper and necessary, in its sole and absolute

discretion, for the enforcement of an Employer's contribution obligations to the Trust (including, but not limited to, periodic audits or other forms of examination of an Employer's books and records, enforcement and/or collection proceedings).

(b)  The Board or the Audit Committee (or either of their duly authorized designees) shall have the right to designate an accountant, attorney or other representative of the Fund (a "Fund Representative") periodically to examine, copy and audit, the Employer's accounts, books and records at the Employer's place of business (or other mutually agreed upon location) which the Fund Representative determines is necessary to confirm that the Employer has fully satisfied its obligations to contribute to the Fund under the Employer's Collective Bargaining Agreement, this Agreement, the Plan, the rules and policies of the Trustees, or under applicable law. The Employer must permit such Fund Representative to conduct such periodic examinations and audits.

(c)  The Fund Representative shall have the right to examine all of the Employer's accounts, books and records including, without limitation, all check registers; payroll registers; general, production cost and other ledgers; royalty statements; vouchers; payroll tax deductions; calculations supporting "scale wage" determinations; IRS Forms 1096, 1099, W-2 and W-3; state employment reports; evidence of unemployment insurance contributions; insurance company reports; supporting cancelled checks; disability insurance premiums; certification of workers' compensation coverage; personnel files and/or other documentation supporting employee job classifications; and any other items concerning the Employer's payroll(s) or contributions to the Fund deemed necessary by such Fund Representative to determine the accuracy, completeness, and timeliness of the Employer's contributions and payments to the Fund (all of which are hereinafter collectively referred to as "Records"). The Employer's Records shall be made available at the Employer's place of business at all reasonable times for examination, audit, and copying (at the Employer's expense) by such Fund

Representative. In addition, the Records of any affiliate, subsidiary, alter ego, joint venture, successor or related company of the Employer (including, where applicable, payroll companies) shall also be made available at all reasonable times for examination and audit by the Fund's Representative, at the request of said Fund Representative.

16. At all times relevant to this action, Section 9.9(f) (and its processor provision) of the Trust Agreement has provided that if an employer fails to produce records necessary for an audit and the Pension Fund brings and prevails in a legal action to obtain such an audit, the employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in such action, together with the full cost of such audit.

17. By letter dated August 23, 2006, a representative of the Pension Fund requested that Neginah submit to an audit of its payroll related filings to determine whether Neginah had complied with its obligations to contribute to the Pension Fund pursuant to the Jewish Club Date Contract during the time period January 1, 2000 through December 31, 2005. The Fund requested that Neginah make available for inspection Federal wage-related tax filings, State unemployment insurance filings, supporting documentation for those filings, and year end payroll registers. The Fund explicitly reserved its right to conduct a full and complete audit of Neginah's books and records for the 2000-2005 time period if the Fund deemed such audit to be appropriate.

18. By letter dated May 24, 2007, the Fund, by counsel, reiterated its request to conduct an audit of Neginah's books and records.

19. Neginah has failed and refused to respond to the Pension Fund's request for an audit of its records.

20. In addition to the 2000-2005 time period, the Pension Fund wishes to audit Neginah's records for the period January 1, 2006 through December 31, 2007 in order to determine whether Neginah complied with its obligation to contribute to the Fund during that time period.

21. Upon information and belief, in view of Neginah's failure and refusal to respond to the Fund's earlier requests for a review of Neginah's records, Neginah would not respond if the Fund were to also request to review Neginah's records for calendar years 2006 and 2007.

22. Without access to Neginah's records, the Pension Fund cannot determine whether Neginah has complied fully with its contribution obligations to the Pension Fund for the period January 1, 2000 through December 31, 2007.

23. Neginah's failure and refusal to submit to an audit with respect to its contributions to the Pension Fund is a direct breach of its obligations under the Jewish Club Date Contract and under the Trust Agreement, and is a violation of Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

24. Under Section 301 of the LMRA, 29 U.S.C. § 185(a), and Section 502(g) (1) and (2) of ERISA, 29 U.S.C. § 1132(g)(1), (2), plaintiffs are entitled to enforcement of plaintiffs' right to conduct a complete audit of

Neginah's records, and to reasonable attorneys' fees and costs of this action and the costs of such audit.

### Count II – Payment of Delinquent Contributions

25. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 – 14.

26. Under Article V, Section 1 of the Jewish Club Date Contract, Neginah was required to make contributions to the Pension Fund on behalf of covered musicians for each engagement at stated percentages of their wages.

27. Article V, Section 3 of the Jewish Club Date Contract required Neginah to remit contributions to the Pension Fund no later than sixty days after the engagement for which such contributions are due.

28. At all relevant times, Section 9.4 (or its predecessor provision) of the Trust Agreement has provided that an employer that is delinquent in paying contributions to the Pension Fund is liable for interest on the unpaid contributions and also for all costs and expenses incurred by the Pension Fund in collecting the contributions, including attorneys' fees and court costs.

29. At all relevant times, Section 9.6 (or its predecessor provision) of the Trust Agreement has provided that if, in an action to collect delinquent contributions, judgment is awarded in favor of the Pension Fund or the Board of Trustees, the employer also is liable for liquidated damages in an

amount equal to the greater of interest on the unpaid contributions or twenty percent of the unpaid contributions.

30. Based upon remittance reports submitted by Neginah for earlier engagements, the Pension Fund calculated and billed defendant for $4,500 in estimated contributions due each month for engagements under the Jewish Club Date Contract from December 1, 2006 through January 31, 2008.

31. After crediting Neginah for contribution payments it made through January 31, 2008, the Fund estimates that Neginah owes at least $29,039.77 in past due contributions through January 31, 2008. Despite the Pension Fund's demands for payments, defendant has failed and refused to pay the estimated contributions billed by the Fund and is delinquent in its contribution obligations to the Fund.

32. As of January 31, 2008, interest on defendant's estimated unpaid contributions through January 31, 2008 was $2,841.22. Despite the Pension Fund's repeated demands for payment, defendant has failed and refused to pay the interest due on its delinquent contributions.

33. Defendant's failure to pay required contributions and interest due is a breach of its obligations under the Jewish Club Date Contract and the Trust Agreement, and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

34. Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the

Pension Fund and its Board of Trustees to pay the full amount of its delinquent contributions, plus accrued interest, liquidated damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that Neginah Orchestras, Inc.'s failure and refusal to provide the records that have been determined by the Pension Fund's representatives to be necessary for a complete audit with respect to Neginah Orchestras, Inc.'s contributions to the Pension Fund violates Neginah Orchestras, Inc.'s obligations under the Jewish Club Date Contract and the Trust Agreement;

2. Order Neginah Orchestras, Inc. to produce all records reasonably requested by the Pension Fund's auditors for the purpose of conducting a complete audit of Neginah Orchestras, Inc.'s contributions to the Pension Fund for Neginah Orchestra, Inc.'s engagements during the time period January 1, 2000 to December 31, 2007;

3. Award plaintiffs reasonable attorneys' fees and costs, plus the full cost of the audit of Neginah Orchestras Inc.'s engagements, pursuant to the Jewish Club Date Contract, Article 9.9(f) of the Trust Agreement, and/or Sections 502(g)(1) and (2) of ERISA, 29 U.S.C. § 1132(g)(1), (2);

4. Enter judgment in the full amount of the delinquent contributions Neginah Orchestras, Inc. owes to the Pension Fund for the period December 1,

2006 through the date of judgment, including past due contributions that are found due and owing as a result of plaintiffs' audit of the Neginah Orchestras, Inc.'s books and records, together with interest through the date of judgment on the delinquent contributions, liquidated damages, attorneys' fees and costs as required under the Jewish Club Date Contract, the Trust Agreement and by ERISA, 29 U.S.C. §1132(g)(2); and

5. Order such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
Patricia McConnell (PM 1861)
1350 Broadway, Suite 501
New York, New York 10018-0822
(212) 239-4999
pmcconnell@msek.com

Attorneys for Plaintiffs

Dated: New York, New York
February 22, 2008

89878v.1

11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------------------
```
AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND and
BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND EMPLOYERS'
PENSION FUND,                              08 Civ. 1824 (WHP)

                    Plaintiffs,            DEFAULT JUDGMENT

            V.

NEGINAH ORCHESTRAS, INC.,

                    Defendant.
```
---------------------------------------------------

This action having been commenced on February 22, 2008 by the filing of the Complaint and issuance of a Summons, and copies of the Summons and Complaint having been served upon defendant on March 13, 2008, and it further appearing that the above-named defendant has not appeared, answered or made any motion with respect to the Complaint and the time for answering the Complaint or so moving having expired;

**NOW,** on motion of Meyer, Suozzi, English & Klein, P.C., attorneys for the plaintiffs, and upon the proceedings herein, it is

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers'

-1-

Pension Fund have judgment against defendant Neginah Orchestras, Inc., that defendant shall permit and cooperate in an audit by plaintiffs of defendant's books and records as is necessary for plaintiffs to determine the employee benefit fund contributions due from defendant to plaintiffs for the period since January 1, 2000, such audit to be permitted by defendants within thirty (30) days after Notice of Entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have judgment against defendant Neginah Orchestras, Inc., that defendant shall furnish to plaintiffs complete and accurate remittance reports of engagements performed by musicians employed by defendant since January 1, 2000, within thirty (30) days after Notice of Entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have judgment against defendant Neginah Orchestras, Inc., in an amount to be determined as unpaid employee benefit contributions due plaintiffs, including for the period since

January 1,2000, together with interest on the unpaid contributions, as provided in §502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B), plus liquidated damages in a sum equal to the greater of the interest on the delinquent contributions or twenty (20%) percent of the unpaid contributions, as provided in §502(g)(2)(C) of ERISA, plus the costs and disbursements of the action and reasonable attorneys' fees, as provided in §502(g)(2)(D) of ERISA; and it is further

**ORDERED, ADJUDGED AND DECREED**, that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have expressly reserved the right to recover from defendant Neginah Orchestras, Inc., the amount of any additional benefit contribution deficiencies, with interest and liquidated damages thereon, determined by the audit of defendant's books and records provided for herein.

Dated:  New York, New York
        April    , 2008

                                    _____
                                                  U.S.D.J.

-3-

94533

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND et ano.,

                        Plaintiffs,

       V.                                            08 CIV. 1824 (WHP)

NEGINAH ORCHESTRAS, INC.,                     **AFFIDAVIT OF SERVICE**

                        Defendant.
--------------------------------------------------------------

STATE OF NEW YORK      )
                                   ) ss.:
COUNTY OF NEW YORK  )

       Darshell Hines, being duly sworn, deposes and says:

1.    I am not a party to the action.

2.    I am over 18 years of age.

3.    I reside at Nassau County, New York.

4.    On April 24, 2008, I served the foregoing **Plaintiffs' Notice of Application for Default Judgment Against Defendant and Affidavit in Support of Application for Default Judgment Against Defendant** upon:

Neginah Orchestras, Inc.
1537 50th Street
Brooklyn, New York 11219

in this action, by certified mail and by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within New York State, located at 1350 Broadway, New York, New York 10018 addressed to said attorney(s) at the address(es) above set forth, being the address(es) designated by said attorney(s) for that purpose.

                                                               _____
                                                                Darshell Hines

Sworn to before me this         KAREN KOLESSAR
24th day of April, 2008        Notary Public, State of New York
                                      No. 01KO6160922
                                    Qualified in Richmond County
_____  Commission Expires Feb. 12, 2010
Notary Public

94588